# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

Case No. 2:16-cv-02881-KJD-GWF

ORDER

    Petitioner has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by submitting proper payment for the filing fee or filing a pauper application. Petitioner, a frequent litigator in this Court, sent a money order that was not filled out as to the payee and sender, which the Clerk cannot accept as payment.

    It does not appear that a dismissal of this improperly-commenced action without prejudice would materially impact the analysis of the application of the limitation period in another action or otherwise result in substantial additional prejudice.

    Petitioner seeks to raise procedural due process claims regarding a July 21, 2008, denial of parole. The federal one-year limitation period ordinarily would begin to run on such claims after petitioner received notice of the parole denial back in 2008, subject to possible statutory tolling during the pendency of any timely and otherwise properly filed state proceedings challenging the parole action. *See, e.g., Mardesich v. Cate*, 668 F.3d 1164, 1171-73 (9th Cir. 2012).

1    The present federal action is at least the third filed by petitioner seeking to raise claims
2 regarding the July 21, 2008, parole denial. The petition in the first action, No. 2:15-cv-01144-
3 APG-PAL, was mailed for filing on or about June 10, 2015. The Court dismissed that action
4 after petitioner failed to timely file an amended petition following a screening order. The
5 petition in the second action, No. 2:15-cv-02466-RFB-VCF, was mailed for filing per the
6 accompanying cover letter more than a year ago, on or about December 6, 2015. That action
7 remains pending. The envelope transmitting the present petition was postmarked on
8 Thursday, December 8, 2016.[1]

9    At this point, it does not appear that the filing of the present action raising claims as to
10 the same parole proceeding would provide petitioner any greater benefit – if any – vis-à-vis
11 the federal limitation period than would the filing of a motion for leave to amend in No. 2:15-
12 cv-02466. Moreover, a number of claims in the two actions are substantially identical and
13 there is substantial overlap between the remaining claims in the two actions. The Court thus
14 would have dismissed the present action as duplicative of the prior-filed action in any event
15 even if this action instead had been properly commenced.

16    This improperly-commenced action therefore will be dismissed without prejudice.

17    IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.

18    IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of
19 reason would not find debatable whether the Court was correct in its dismissal of the action
20 without prejudice on procedural grounds, for the reasons discussed herein.

21    IT FURTHER IS ORDERED, given petitioner's previously demonstrated and still
22 continuing pattern of filing repetitive and/or vexatious proceedings in the state and federal
23 courts,[2] no requests for reconsideration or other post-judgment relief will be entertained
24 herein. The Clerk of Court shall designate petitioner as a restricted filer on the docket sheet
25 and shall accept no further papers herein from petitioner other than papers presented to
26 perfect an appeal from the order and judgment of dismissal in this matter.

---

[1]Petitioner also filed a prior petition in No. 2:13-cv-00717-JCM-CWH that pertained to parole issues.

[2]See, e.g., No. 2:07-cv-00821-KJD-RJJ, ECF No. 145, at 5-6 (D. Nev., March 31, 2014).

IT FURTHER IS ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. **No response is required from respondents other than to respond to any orders of a reviewing court.**

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: December 16, 2016

_____
KENT J. DAWSON
United States District Judge